UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIN SCENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVANSTON INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:25-cv-01968-SB-KES <br><br> ORDER TO SHOW CAUSE RE LACK OF PROSECUTION |

    Plaintiff filed its complaint against Defendant Evanston Insurance Company on March 6, 2025. Plaintiff then filed its proof of service, stating that it served Defendant on March 17, 2025, by serving the California Insurance Commissioner, Dkt. No. 14, one of the persons whom Defendant has designated to accept service in its contract with Plaintiff, along with a person located in San Francisco, Dkt. No. 1-1 at 28, 48 of 55. Assuming Plaintiff properly effected service on March 17, Defendant has not timely appeared, yet Plaintiff has not sought entry of default. It is not clear, however, whether service has been properly made. *Compare* Cal. Ins. Code § 12931(d) (requiring, for service on the Commissioner to be "valid and sufficient," that a plaintiff: (1) provide the defendant, by certified mail, notice of service and a copy of the papers being served; and (2) file with the court the receipt for that copy as well as an affidavit that the plaintiff complied with § 12931 "on or before the date the defendant is required to appear"), *with id.* § 12931(b)(3) (Section 12931 "shall not apply to actions brought under insurance policies . . . issued by nonadmitted insurers . . . where such insurance contract names a resident of this state as agent for service of process.").

    Plaintiff is therefore ORDERED TO SHOW CAUSE, in writing, no later than April 23, 2025, why its claims should not be dismissed for lack of prosecution. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Court will

1

consider as an appropriate response to this order to show cause (OSC) the filing, on or before April 23, 2024, of: (1) a declaration showing that its service on the Commissioner complies with California law; and, if Plaintiff believes it does, (2) an application for entry of default. The filing of such documents shall result in the automatic discharge of this OSC without further order. Failure to timely respond to the OSC will be deemed consent to the dismissal without prejudice of Plaintiff's claims.

Date: April 9, 2025

                                                Stanley Blumenfeld, Jr.
                                            United States District Judge